[Crim. No. 5614. Third Dist. July 22, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE CASTILLO SANDOVAL, Defendant and Appellant.

## Counsel

Eddie Castillo Sandoval, in pro. per., and William Gregory, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Russell L. Moore, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FRIEDMAN, J.**—A jury found defendant guilty of second degree murder. He appeals from the judgment.

Defendant and the victim, James Anderson, were migratory farm workers. The two men became involved in a quarrel in the mess hall of the farm labor camp where they were staying. Both had been drinking. They went outside to fight. Anderson was larger and heavier than defendant. Defendant carried a knife concealed in a crumpled brown sack which he had stuck in his belt. The two men met behind a parked bus. Defendant grabbed Anderson's hand and thrust the paper bag and knife against the latter's chest. The knife wound was fatal. Defendant fled the scene but was found a short while later.

 Defendant charges error in the trial court's failure to instruct *sua sponte* that it should acquit defendant if the evidence raised a reasonable doubt as to whether defendant was justified in killing Anderson in self-defense. Such an instruction was approved in *People* v. *Sanchez* (1947) 30 Cal.2d 560, 571 [184 P.2d 673]. In defendant's trial the court gave the standard instruction on reasonable doubt. Defendant's trial counsel requested and the court gave a group of instructions on the principle of self-defense. The attorney did not request the *Sanchez* instruction. The pivotal question, then, is whether a trial court must give the instruction on its own motion when there is evidence which might justify a finding of self-defense.

 In addition to the general instruction calling for acquittal in case of a reasonable doubt (Pen. Code, § 1096), a defendant has a right upon request to an instruction directing the jury's attention to evidence which may engender a reasonable doubt. (*People* v. *Granados* (1957) 49 Cal.2d 490, 496 [319 P.2d 346]; *People* v. *Kane* (1946) 27 Cal.2d 693, 700-701 [166 P.2d 285]; *People* v. *Roberts* (1967) 256 Cal.App.2d 488, 492-494 [64 Cal.Rptr. 70].) The instruction approved in *People* v. *Sanchez,*

*supra,* is an expression of this general rule in its specific application to the issue of self-defense. All the decisions calling for this kind of instruction involved a request. None of them demand it *sua sponte.* At this point defendant relies upon the rule that the court must give self-defense instructions in a murder case without a request whenever the evidence warrants. (*People* v. *Holt* (1944) 25 Cal.2d 59, 64-65 [153 P.2d 21].)

■ A trial court must instruct the jury *sua sponte* on "those principles of law commonly or closely and openly connected with the facts of the case . . . ," but need not instruct on specific points developed at the trial unless requested. (*People* v. *Hood* (1969) 1 Cal.3d 444, 449 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Wade* (1959) 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116].) ■ As indicated in *Holt, supra,* the rules of law establishing and limiting the justifiable homicide defense are in the first category and must be given without a request. The *Sanchez* instruction is a specific point, actually a pinpointing or amplification of two general principles —the rule of reasonable doubt and the defense of justification.

True, an instruction which merely defines or describes a defense is weaker than one which directs the jury's attention to specific evidence of that defense from which a reasonable doubt of guilt might be engendered. (*People* v. *Kane, supra.*) Nevertheless, if the defendant wants the more specific instruction, he may request it.

Rejection of defendant's contention is consistent with *People* v. *Granados, supra,* which declares the necessity of this kind of instruction "upon proper request therefor" (49 Cal.2d at p. 496). It is also consistent with sound management of criminal trials. In *People* v. *Crawford* (1968) 259 Cal. App.2d 874, 878 [66 Cal.Rptr. 527], this court suggested that overbroad *sua sponte* demands "put trial judges under pressure to glean legal theories and winnow the evidence for remotely tenable and sophistical instructions." When, as here, the defendant requests a group of instructions describing a particular theory of defense, he impliedly represents that the request fulfills his need. He would trap the trial court into error were he permitted to expand the request at the appellate stage. Here the judge fulfilled his *sua sponte* obligations when he instructed the jury on the general principles of reasonable doubt and self-defense. Defendant's failure to request the amplifying *Sanchez* instruction bars his claim of error on appeal. (*People* v. *Wren* (1969) 271 Cal.App.2d 788, 793 [76 Cal.Rptr. 673].)

■ A second claim of error is the trial court's refusal to grant a mistrial. An eyewitness named Bahena was called by the prosecution and testified in Spanish through an interpreter. He testified that, after the stabbing, defendant told some bystanders "I already hit him." Bahena then volunteered that the others had said, "He has done it other times." The trial judge struck

the latter statement and admonished the jury to disregard it, but refused to grant a mistrial. The formal jury instructions included a direction against consideration of stricken evidence.

As a general rule, inadmissible information can be overcome by a prompt admonition to the jury. (*People* v. *Seiterle* (1963) 59 Cal.2d 703, 710 [31 Cal.Rptr. 67, 381 P.2d 947].) This case presents no exception. As defendant and Anderson went outside, a witness heard defendant say, "I am in a moment going to go and kill this Negro. He has worn out my patience and I am going to kill him now." The witness also heard him say, "Come on, come on, follow me, follow me, I am going to kill you." Defendant himself testified that he had armed himself with the knife. Although he claimed to fear Anderson, he had preceded and not followed Anderson out of the mess hall. From this evidence the jury could not but infer defendant's proclivity toward use of a knife. The inadmissible information volunteered by the witness could not have tipped the scales in the minds of a dubious jury.

Judgment affirmed.

Pierce, P. J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1970. Peters, J., was of the opinion that the petition should be granted.