501 P.2d 4

**STATE of Arizona, Appellee,**

v.

**Hubert Dale FINLEY, Appellant.**

**No. 2376.**

Supreme Court of Arizona,
In Banc.

Sept. 22, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Paul Hunter, Yuma, for appellant.

HAYS, Chief Justice.

The defendant, Hubert Dale Finley, was charged in one count with second degree rape of his adopted daughter and in a second count with having molested his adopted daughter. Trial was had before a jury which found him guilty on both counts. The court sentenced him to a term of 8 to 15 years on the second degree rape charge, and a concurrent sentence of 8 to 15 years on the molesting charge.

In this appeal, the defendant presents the following contentions: (1) that the court committed error in admitting testimony of prior specific bad acts not amounting to a felony; (2) that the court erred in failing to instruct the jury as to the necessary elements of the crime of child molestation; (3) that the court erred in failing to instruct the jury that they could not find the defendant guilty of both counts; and (4) that the court committed error in submitting both counts to the jury.

The transcript of record indicates that there was testimony at the trial showing that at the insistence of the defendant the family of the defendant had practiced nudism for some time. There was testimony that the defendant had had sexual intercourse with his adopted daughter on previous occasions and had first molested her when she was nine years old. At the time of the offenses charged, the daughter was fourteen years of age. Further testimony indicated that in the past defendant had requested permission from his wife to have sexual intercourse with the daughter and that he had taken obscene photos of the girl. There was additional testimony showing that defendant required the nude daughter to lie in front of him and expose herself and that he would not permit the members of the family to close the bathroom door when making use of the facilities there. Testimony of these and similar acts covering a period of almost five years was introduced by the state. The defendant's first contention relates to the admission of this testimony.

Although the defendant now objects to this testimony, he failed to timely object to the testimony at the trial. We could, on this basis alone, negate defendant's first contention, but we believe a brief comment on the merits is called for here. The testimony now objected to by the defendant certainly shows a system, plan or scheme to engage in sexual aberrations. State v. Parker, 106 Ariz. 54, 470 P.2d 461 (1970). Although the family practice of nudism alone may not be indicative of any scheme, plan or design, such conduct coupled with the various other acts enumerated, is indicative, or at least a jury could so find.

Defendant further urges that State v. Goldsmith, 104 Ariz. 226, 450 P.2d 684 (1969), makes it error for the court to permit testimony of prior bad acts in rebuttal after the defendant, on cross-examination, has denied such acts. In this case, the acts had previously been testified to by the daughter in the case in chief, and after denial by the defendant, it was proper rebuttal to support the daughter's testimony by that of an additional witness. We find no error here.

Defendant's second contention lacks merit in that under the testimony presented, and the defense presented, i. e., "I didn't do it," there is no need for the court to instruct specially on intent. If the defendant at trial had contended that any touching of the child was in the parental role of caring for the child, and if a special instruction on intent had been requested, it would be appropriate for it to be given. State v. Stinson, 105 Ariz. 174, 461 P.2d 472 (1969). No request was made for such an instruction. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

Next, defendant contends that the only evidence presented on the charge of molesting was the kissing and the fondling of the child's breasts which does not fit under the statutory definition of the offense. Defendant fails to consider the evidence of the placing of the child's legs over his, and the interplay of legs and bod-

**422**

ies while the kissing and fondling went on. It requires no recourse to a dictionary to know that "touching" can be accomplished with parts of the body other than hands.

 As a final argument, the defendant urges that the defendant can not, under ARS § 13–1641, be found guilty of both charges. The acts of rape and child-molesting as indicated by the testimony were separate; the elements of each being accomplished without reference to elements of the other. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967).

Affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD, and HOLOHAN, JJ., concur.