539 P.2d 966

**The STATE of Arizona, Appellee,**

v.

**James Lee MADDASION, Appellant.**

**No. 2 CA–CR 621–2.**

Court of Appeals of Arizona,
Division 2.

Sept. 18, 1975.

Rehearing Denied Oct. 22, 1975.
Review Denied Nov. 25, 1975.

Bruce E. Babbitt, Atty. Gen., Phoenix, by Jack L. Lansdale, Jr., Former Asst. Atty. Gen., Tucson, for appellee.

James M. Wilkes, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant was charged with unlawful sale of heroin, unlawful possession of heroin for sale, and committing a felony while released on bond. His motion to suppress evidence was denied after a hearing. The case was tried to a jury and appellant was convicted on all counts. He was sentenced to twenty years to life imprisonment on Count I, ten to fifteen years on Count II, and one to five years on Count III, the first two sentences to run concurrently and the third to run consecutively to them.

Appellant attacks his convictions and sentences, presenting four questions for review. He contends that (1) the trial court erred in denying his motion to suppress certain heroin seized in a search of J & J Auto Sales at 4812 South 12th Avenue in

Tucson; (2) a remark made by the prosecutor in his closing argument constituted an improper statement of personal belief that appellant was guilty; (3) the trial court improperly imposed sentence; and (4) his sentences were excessive.

The facts dispositive of this appeal are as follows. On August 23, 1974, Agent Bunting of the Metropolitan Area Narcotics Squad telephoned a justice of the peace to obtain a warrant to search J & J Auto Sales at 4812 South 12th Avenue. Agent Bunting, after being sworn, related the following: Earlier in the day he provided $980 to a confidential informant who had made three controlled narcotics purchases for him in the past. The informant later told Bunting he had gone to appellant at J & J Auto Sales seeking to buy heroin. The informant said that at that time appellant told him he would go to his apartment and pick up a "quantity of heroin." Appellant left J & J Auto Sales and returned shortly. About five minutes thereafter he delivered an ounce of heroin to the informant in exchange for the $980 and a 1967 Plymouth Fury III. Narcotics agents kept J & J Auto Sales under surveillance from the time of the sale to the time of Agent Bunting's call and all persons who were on the premises during the sale were still there. From these facts, the magistrate found probable cause for the issuance of a search warrant.

Agent Bunting then stated to the magistrate that he would read verbatim from the warrant's description of the persons to be searched. He read:

". . . on the persons of JAMES MADDISON, '(sic) owner of JJ's Auto Sales. One female employee, a White female, approximately forty years, wearing a. pink dress presently. One male employee, wearing a blue shirt with the name inscribed of VICTOR, the subject is approximately fifty to sixty years old. One Mexican male, age forty, wearing a straw hat at this time and one female in her thirties with black hair, presently wearing a white blouse with a blue de-

sign and a blue shirt. All the subjects are inside the res . . . inside the business at this time."

The warrant's description of the persons to be searched in fact read as follows:

"on the person(s) of

James Maddasion

1—Female Employee (WF 40's Pink Dress)

1—Male Emplóyee (

1—Male At Address At Time of Crime

1—Female—M–F Wht Blouse w/Blue Blue Skt Blk Hair 30's"

The warrant described the premises to be searched at "4812 So. 12th J & J Auto Sales." The items to be seized were described as "Useable (sic) Amount of Heroin and U.S. Currency Illegally Obtained During Heroin Transaction This Date." After the reading of the warrant, the magistrate authorized Bunting to sign "A. Bates Butler, Justice of the Peace in precinct #5" at the bottom.

Shortly after the issuance of the warrant, Agent Bunting and other officers searched J & J Auto Sales and the persons located thereon. Five tinfoil rolls of heroin and $980 were found on the premises. The trial court denied appellant's motion to suppress these items, holding that Agent Bunting's affidavit contained a sufficient showing of probable cause for issuing the search warrant.

In his closing argument, the prosecutor stated:

"Aside from being a prosecutor, ladies and gentlemen, I am a concerned citizen like most of you are and should be. I submit to you that Mr. Maddasion is a car salesman. Mr. Maddasion is a dealer in heroin, a white-collar criminal, ladies and gentlemen, and I submit to you that is a fact and I submit to you that the State has proved that he sold the six rolls of heroin, that he intended to do it."

Appellant first contends that the trial court erred in refusing to suppress the evidence seized at J & J Auto Sales pursuant to the search warrant. He bases this con-

tention on two distinct grounds. First, that Agent Bunting's affidavit showed he did not have probable cause to believe there was heroin at J & J Auto Sales. Secondly, that the warrant was defective because it did not describe the persons to be searched with the same degree of particularity that Agent Bunting had said it did.

 Agent Bunting's affidavit states that appellant said he would have to go to his apartment to pick up the heroin. Appellant reasons from this that the affidavit shows no heroin was kept at J & J Auto Sales. He concludes that there was no probable cause for the issuance of the warrant. We think this argument is specious. Probable cause for the issuance of a search warrant exists where the facts and circumstances presented to the magistrate as within the affiant's knowledge or based on reasonably trustworthy information are sufficient to warrant a man of reasonable caution in the belief that seizable items are located on the premises sought to be searched. *See, State v. Brazil*, 18 Ariz.App. 545, 504 P.2d 76 (1972).

In reviewing a finding of probable cause for the issuance of a search warrant, we will generally accept as sufficient less persuasive evidence than would have justified an officer in acting without a warrant. *State v. McMann*, 3 Ariz.App. 111, 412 P. 2d 286 (1966). *See, United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L. Ed.2d 684 (1965). In this case it must be borne in mind that the affidavit concerned the circumstances that existed after appellant returned to J & J Auto Sales with "a quantity of heroin." Nothing on the face of the affidavit compels the conclusion that appellant brought with him only the heroin he subsequently sold to the informant. We think that on the basis of Agent Bunting's affidavit a man of reasonable caution would be warranted in believing there was heroin at J & J Auto Sales at the time of Bunting's call. There

was therefore probable cause for the issuance of the warrant.

 Appellant next argues that the warrant was defective because Bunting's affidavit misled the magistrate into believing the warrant described the persons to be searched more specifically than it really did. We note that in both the affidavit and the warrant the premises to be searched were adequately described and appellant was identified by name. The question thus becomes whether the warrant's failure to describe specifically the other persons on the premises renders it wholly invalid. We think it does not.

If a search warrant is valid as to one command but not as to another, the invalid part may be treated as surplusage. *Dow v. State*, 207 Md. 80, 113 A.2d 423 (1955). *State v. Masco*, 103 N.J.Super. 277, 247 A. 2d 136 (1968) illustrates the application of this principle. In that case the warrants authorized officers to search a certain dwelling and any persons who might happen to be found there. The trial court suppressed all items found on the premises, holding that the warrants were wholly invalid. The appellate court reversed. It stated:

". . . the question here is whether a warrant which contains a valid command to search the premises is wholly void *ab initio* because it also contains an alleged general or blanket command to search all persons found on the premises. We conclude that it is not. We believe that the erroneous inclusion of the command to search the person as well as the premises did not vitiate the warrants—that since the warrants were valid as to one command and not as to the other, the part which was not essential or invalid may be treated as surplusage." 247 A.2d at 138.

*See, State v. Dobies*, 290 A.2d 663 (Del. Super.1972). In the instant case the warrant validly commanded the search of appellant's person and J & J Auto Sales.

The authorization to search inadequately described persons can be treated as surplusage and did not render the search warrant void.

■ Appellant next contends that the prosecutor's remark during his closing argument, quoted supra, constituted a statement of his personal belief that appellant was guilty. He argues that the trial court therefore erred in refusing to declare a mistrial. We think there was no error. It is far from clear that the prosecutor's remarks constituted a statement of personal belief. Viewed in context, his remarks appear merely to argue justifiable inferences from the evidence. Even assuming the remarks were improper, however appellant has failed to make the required showing that they probably influenced the jury. *Sullivan v. State,* 47 Ariz. 224, 55 P.2d 312 (1936).

■ Appellant claims the trial court violated Rule 26.10, Rules of Criminal Procedure, 17 A.R.S., by failing to set forth appellant's plea upon pronouncing judgment and failing to state that it had considered the time appellant had been incarcerated in determining sentence. We believe that the trial bench should adhere to the requirements of Rule 26.10. In this case, however, it does not appear that these technical errors prejudiced appellant's substantial rights. We therefore deem resentencing unnecessary.

■ Appellant finally contends that his sentences were excessive. Our power to reduce a lawful sentence should be used with great caution and exercised only when it is clearly apparent that the sentence is too severe. *State v. Bustamante,* 11 Ariz.App. 129, 462 P.2d 822 (1969). We think appellant richly deserved the sentences he received and we decline to interfere.

Affirmed.

· HOWARD, C. J., and HATHAWAY, J., concurring.