559 P.2d 1089

**STATE of Arizona, Appellee,**

v.

**Kenneth GALBRAITH, Appellant.**

**Nos. 1 CA–CR 1626, 1627.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 23, 1976.

Rehearing Denied Jan. 21, 1977.

Review Denied Feb. 8, 1977.

Nelson, J., dissented with an opinion.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

The appellant was convicted in two separate trials of the crime of sending a false message in violation of A.R.S. § 13–422. In Cr–85239 he was alleged to have sent a false message to the Tempe Police Department stating that a family disturbance was in progress at a certain address. He gave his name as "John McClure." In Cr–84595 he was alleged to have called the Phoenix Police Department, identifying himself as "Russell Howe [sic]," telling them he had just shot his wife and to send police to a stated address. The cases were consolidated on appeal by order of this Court. He raises the following issues on this appeal:

1. A.R.S. § 13–422 is overbroad and violates due process of law;
2. The trial court erred in denying appellant's motion for a directed verdict of acquittal because the state presented no evidence demonstrating a violation of A.R.S. § 13–422;
3. The trial court committed error in denying his motions for a new trial or a mistrial because (a) the prosecutor expressed a personal belief in defendant's guilt and (b) the prosecutor commented on the defendant's failure to take the witness stand; and
4. The jury instruction given by the court explaining "intent" was erroneous.

Issues 3 and 4 are directed to errors alleged to have been committed only in Cr–84595 (1 CA–CR 1626).

A.R.S. § 13–422 proscribes the sending or attempted sending of knowingly false messages. That statute states:

"A. It is unlawful for a person:

1. Knowingly and wilfully to send to any person by telegraph or telephone a false or forged message, purporting to be from a telegraph or telephone office, or from any other person.
2. Wilfully to deliver or cause to be delivered to any person a false or forged message, falsely purporting to have been received by telegraph or telephone.
3. To furnish or conspire to furnish, or cause to be furnished to an agent, operator or employee, to be sent by telegraph or telephone, or to be delivered, a message, knowing it is false or forged, with intent to deceive, injure or defraud another.

B. A person who violates any provision of this section shall be punished by imprisonment in the state prison for not to exceed five years, or by imprisonment in the county jail for not to exceed six months, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment." A.R.S. § 13–422.

## DUE PROCESS–OVERBROAD

Appellant argues that A.R.S. § 13–422 is overbroad because it proscribes constitutionally protected expression. He asserts that the State cannot constitutionally proscribe the use of telecommunication facilities to send knowingly false messages purporting to be from persons other than the actual sender. However, the appellant fails to cite any authority for such a proposition, and we have found none. Appellant's characterization of the statute as permitting punishment of wholly innocent conduct is unpersuasive.

In the instant case, the appellant was alleged to have called a police department, to have given a false name, and to have requested them to send police officers to investigate occurrences which had, in fact, not occurred. The State has a legitimate interest in legislating against fraudulent and deceptive conduct. *Cf. State v. Double Seven Corporation,* 70 Ariz. 287, 219 P.2d 776 (1950). The only acts proscribed

by A.R.S. § 13–422 are those which utilize telecommunications facilities from the transmission or attempted transmission of knowingly false messages. The statute does not present any substantial risk to the exercise of constitutionally protected conduct. Certainly, a more narrowly drawn statute could have been drafted by the Legislature specifically prohibiting the type of conduct engaged in by appellant. See e. g. A.R.S. § 13–945. Nevertheless, the conduct involved here was clearly prohibited by this statute.

## DIRECTED VERDICT

Next, the appellant argues that the trial court erred by denying his motion for a directed verdict, because the State failed to prove a violation of A.R.S. § 13–422 had occurred. This conclusion is based on the premise that the statute requires the participation of a third party. He relies on a California case interpreting a similar statute. *See People v. Rand,* 23 Cal.App.3d 579, 100 Cal.Rptr. 473 (1972). The court in *Rand,* supra, stated:

"That section does not apply to a telephone call, however false the statement made, unless it purports to be a relay of a message received by the party initiating the call and transmitted by him as an intermediary." *People v. Rand,* 23 Cal. App.3d 579, 100 Cal.Rptr. 473, 476 (1972).

■ The California court's comment was directed to California Penal Code Section 474. The historical note appended to our A.R.S. § 13–422 indicates that the statute was drafted from the California statute. No Arizona cases have interpreted A.R.S. § 13–422. In the absence of controlling law in this jurisdiction, it is true that this Court will look with interest to the construction placed on a statute by the courts of the jurisdiction from which it was taken. *State v. Mackey,* 15 Ariz.App. 417, 489 P.2d 80 (1971); *In Re Estate of Thelin,* 9 Ariz.App. 157, 450 P.2d 123 (1969). The construction is, however, not binding. *State v. McDonald,* 88 Ariz. 1, 352 P.2d 343 (1960). Furthermore, the persuasiveness of the opinion is a matter of degree. *Industrial*

*Commission v. Harbor Insurance Company,* 104 Ariz. 73, 449 P.2d 1 (1968). The above quoted portion of *Rand* was the sole statement concerning Penal Code Section 474. There was neither citation to authority nor persuasive reasoning to support the conclusion reached.

■ The State argues, on the other hand, that a reasonable construction of A.R.S. § 13–422 permits prosecution of the type of conduct engaged in by appellant. We hold that the State's argument is correct; A.R.S. § 13–422(A)(1) clearly prohibits the telephone messages sent by the appellant, and the *Rand* court was wrong.

The jury was instructed without objection that it was unlawful for a person to knowingly and willfully send to any person by telephone a false message purporting to be from any other person. We think the instruction correctly set forth the law as contained in A.R.S. § 13–422(A)(1). The facts presented at trial were such that the jury could determine that the appellant knowingly and willfully sent the Phoenix Police Department a false message, over the telephone, and purportedly from a third person.

■ It is clear to us that the trial court did not err in denying appellant's motion for a directed verdict of acquittal, since the State was not required to prove that a third person was actually involved.

## PROSECUTOR'S REMARKS

Appellant, also, contends that the trial court erred in denying his motion for a mistrial, or a new trial, because of two separate remarks made by the prosecutor during his closing argument. The first statement by the prosecutor is alleged to have been improper because it was an expression of the prosecutor's personal opinion of appellant's guilt. The offending statement made by the prosecutor was as follows:

"I submit to you that the facts presented in this case show beyond a reasonable doubt that the defendant did, in fact, make a false telephone message, and the

elements of the statute have been clearly satisfied."

The State argues that impropriety occurs only when the prosecutor expresses his personal opinion of appellant's guilt. The State urges that the prosecutor's remarks were not expressions of a personal opinion in regard to the appellant's guilt, but rather were justifiable inferences from the facts presented to the jury. We concur that the statement by the County Attorney was not error. See *State v. Maddasion,* 24 Ariz.App. 492, 539 P.2d 966 (1975). Also, it should be noted that the appellant has not made any showing that the remark in any manner influenced the jury. Such a showing would be required before a reversal would be proper. *State v. Maddasion,* supra.

The second statement made by the prosecutor, alleged as error, was as follows:

"Defense counsel stated quite correctly he did not have to produce any evidence. That is very true. The burden is upon the State to prove beyond a reasonable doubt that that man committed the crime of which he is charged. Think of this. If there is evidence, why wasn't any produced?"

While the State argues that the remark was meant to be a comment on the absence of the "*prosecution's* voice print evidence" and not a comment on the appellant's failure to produce evidence, we think that a reasonable reading of the closing argument leaves such an interpretation in doubt. Even assuming that the comments by the prosecutor were directed to a failure on the part of the defense to come forward with evidence, we find the statements were not a comment on the defendant's failure to testify. The prosecutor's remarks were merely general comments on the fact that the evidence was uncontradicted. We cannot say that because of this one isolated instance that the prosecutor's remarks were calculated to focus the jury's attention on the defendant's failure to testify. Error is committed only if the prosecutor's statement will call the jury's attention to the fact that the defendant has not testified in

his own behalf. *State v. Rhodes,* 110 Ariz. 237, 517 P.2d 507 (1973); *State v. Acosta,* 101 Ariz. 127, 416 P.2d 560 (1966); *State v. Thornton,* 26 Ariz.App. 472, 549 P.2d 252 (1976). It is our opinion that the statement was clearly not calculated to draw the jury's attention to appellant's failure to testify.

## INSTRUCTION

For his final issue on appeal, the appellant argues that the court erred in giving a general intent instruction when, under A.R.S. § 13–422, an instruction on specific intent should have been given. The State has correctly pointed out that the appellant did not request such an instruction nor did he object to the instructions given. Under Rule 21.3(c), Arizona Rules of Criminal Procedure, a defendant cannot object to the court's giving, or failing to give, an instruction on appeal unless he objected before the trial court. Failure of a trial court to give an instruction may be raised for the first time on appeal only when the prejudice caused by such omission is of a fundamental nature which goes to the foundation of the defendant's case, or which takes from him a right essential to his defense. *State v. Reim,* 26 Ariz.App. 528, 549 P.2d 1046 (1976). Even assuming a specific intent instruction was appropriate, an assumption we think untenable, [See *State v. Bell,* 113 Ariz. 279, 551 P.2d 548 (1976); A.R.S. § 1–215(12), (36)] it was not an issue in the case and there was no resulting prejudice to the appellant. See *State v. Finley,* 108 Ariz. 420, 501 P.2d 4 (1972); *State v. Reim,* supra.

The judgment and sentence in both cases are affirmed.

OGG, J., concurs.

NELSON, Judge, dissenting.

While I agree with the majority that the State has a legitimate interest in legislating against fraudulent and deceptive conduct, the Legislature simply has not legislated

against the kind of deceptive conduct engaged in by the appellant in this case.

On two separate occasions, in an effort to harass his ex-wife, appellant called the Phoenix and Tempe Police Departments, giving them the following messages:

"This is Russell Howe [sic]. Will you send a police officer to * * *? I just shot my wife."

"This is John McClure speaking. Send some officers to * * *, there is a family disturbance going on."

Both the names he gave, as well as the information requiring a police response, were false.

As reprehensible as appellant's conduct was, it simply is not controlled by this statute. As stated above, the statute was taken from California before statehood, Penal Code of Arizona, § 432 (1901). It is found in our current Code, in Chapter 2, Forgery and Counterfeiting. Its language is absolutely clear. It makes unlawful the transmission of a false message by telephone or telegraph, *purporting to be from a telegraph or telephone office, or from any other person.* It does not punish the giving of false information to the police, whether by telephone or not, unless that information is alleged to come from the Telegraph Office, the Telephone Office, or any other person.

This statute was passed at a time when access to telephones and telegraphs was severely limited. They were used much more to relay information than to communicate it directly. This statute was to control the relaying of that information and imposed severe penalties (up to five years in prison) for the abuse of that responsibility. While the majority is correct in stating that the California court in *People v. Rand,* supra, cited no authority in holding that the statute's purpose is as I suggest, it seems to me that the statute is clear enough on its face to permit such a decision.

Appellant's conduct in this case should be proscribed, and indeed is, in one of the jurisdictions here involved (City of Phoenix, Arizona, Code, Art. IV, § 2–122 (1969)). See also: A.R.S. § 13–945, supra. The statute in question, however, has not done so.

The judgments in these cases should be reversed with directions to dismiss the complaints.