608 P.2d 77

**STATE of Arizona, Appellee,**

v.

**Rodrick EVANS, Appellant.**

**No. 1 CA–CR 3883.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 17, 1980.

Rehearing Denied March 4, 1980.

Review Denied March 18, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Dennis C. Freeman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

Appellant Rodrick Evans was convicted of voluntary manslaughter with a gun in violation of A.R.S. § 13–457(B) after he fatally shot the victim, Anthony Lane, during a fight outside a "social club" in Phoenix. He was sentenced to a term of not less than 5 nor more than 10 years imprisonment.

Appellant argues that the trial court should have instructed the jury, sua sponte, that the appellant did not carry the burden of proof but merely had to raise a reasonable doubt that he acted in self defense and that the shooting was justified. Appellant also argues that the trial court abused its discretion in excusing a juror after testimony had begun.

In support of his argument that the trial court should have given a specific instruction that the state had to prove the lack of self-defense beyond a reasonable doubt, appellant cites *State v. Denny*, 119 Ariz. 131, 579 P.2d 1101 (1978), and *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977). These cases do hold that the trial court should give the clarifying instruction when requested. However, they do not state that the instruction must be given sua sponte.

Under rule 21.3(c), 17 A.R.S., Rules of Criminal Procedure, failure to request a jury instruction at trial waives the issue on appeal unless it is fundamental error. *See State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978); *State v. Galbraith*, 114 Ariz. 174, 559 P.2d 1089 (App.1976).[1] In the

---

1. Rule 21.3(c) provides:

   *Waiver of Error.* No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

case before us, the trial court gave the following general instruction on the law of reasonable doubt and the state's burden of proof:

The law does not require a defendant to prove his innocence. He is presumed by law to be innocent. This means the state must prove all of its case against the defendant. The state must prove the defendant's guilt beyond a reasonable doubt.

The trial court also gave a general instruction on self-defense:

The defendant has offered evidence that he has acted in self-defense. Self-defense requires that you find the defendant not guilty if the following three conditions are met:

One, the defendant reasonably believed he was in immediate danger of great bodily injury or death; and, two, the defendant acted solely because of his belief; and, three, the defendant used no more force than appeared reasonably necessary under the circumstances.

Self-defense justifies the use of force only while the apparent danger continues. The right to use force in self-defense ends when the apparent danger ends.

Actual danger is not necessary to justify the use in self-defense. It is enough if the defendant reasonably believed that he was in danger of great bodily injury or death.

These instructions adequately covered the general principles of law pertaining to appellant's defense.

■ We agree with the California cases cited by appellee, *People v. Allen*, 76 Cal. App.3d 748, 143 Cal.Rptr. 164 (1978), and *People v. Sandoval*, 9 Cal.App.3d 885, 88 Cal.Rptr. 625 (1970), which hold that the specific instruction that the state must disprove self-defense beyond a reasonable doubt is only required when requested or if the general principles are not otherwise covered. *Cf. State v. Postell*, 20 Ariz.App. 119, 510 P.2d 749 (1973) (defense of accidental shooting). To hold otherwise would defeat the purpose of rule 21.3(c) which was designed to prevent the defendant from allowing error in the trial court and then asserting the issue on appeal when there is an unfavorable verdict. See comment to rule 21.3(c), and *State v. Vanderlinden*, 111 Ariz. 378, 530 P.2d 1107 (1975).

Appellant also argues that the trial court abused its discretion in excusing a juror for cause after testimony had begun. During a break in the trial proceedings, after the state had rested its case and the appellant was presenting his defense, the bailiff found a female juror crying in the hall. When questioned in the trial judge's chambers, with both counsel present, the juror asked to be excused because she was very upset and found it "very disturbing to have that much control over a person's [the defendant's] welfare and their future."

■ Rule 18.4(b), 17 A.R.S., Rules of Criminal Procedure, permits the trial court, on its own initiative, to remove a juror for cause whenever there are reasonable grounds to believe that the juror cannot render a fair and impartial verdict. There is no time limit, and jurors may be removed after evidence is presented where there are sufficient jurors to enable the trial to continue. See comments to rule 18.4(b). Here, there remained thirteen jurors after the juror was excused. Whether to excuse a juror for cause is within the sound discretion of the trial court. *State v. Arnett, supra; State v. Brosie*, 24 Ariz.App. 517, 540 P.2d 136 (1975). We believe the trial court acted prudently in excusing this juror when she expressed serious concern about her ability to render a decision affecting the defendant's future and welfare. In addition, a defendant's right to a fair and impartial jury does not entitle him to be tried by any particular jury and, unless the record affirmatively shows that a fair and impartial jury was not secured, the convic-

tion must be affirmed. *State v. Arnett, supra.* There has been no allegation by appellant that the twelve final jurors were not fair and impartial, and our review of the record does not reflect any such error.

The judgment and sentence are affirmed.

EUBANK, P. J., concurring.

YALE McFATE, Judge, dissenting:

I must dissent. The burden of proof in a criminal case is an indispensable concept concerning which the jury must be apprised. If the instructions, taken as a whole, permit the jury to apply an excessive and unfair burden of proof on the defendant, it is fundamental error which is not waived by counsel's failure to request the proper instruction and is beyond the reach of rule 21.3(c), Rules of Criminal Procedure.

The trial court instructed the jury as to what the state must prove to find the defendant guilty, and that it must prove the defendant's guilt beyond a reasonable doubt. But it also gave an instruction requiring the defendant to "meet" certain evidentiary requirements on the issue of self-defense as justification for the homicide, and failed to explain the burden of the state to disprove beyond a reasonable doubt that defendant acted in self-defense. This was unfair to defendant in that it placed some sort of burden on him to present proof of self-defense without explaining the extent of the burden or the quantum of proof required. The instruction on reasonable doubt does not supply the missing information. That instruction places on the state the burden to prove the existence of facts necessary to establish guilt, but does not place any burden on the state to prove the absence of facts to establish justification. Nor does it limit the defendant's burden on the issue of self-defense to that of raising a reasonable doubt. It is vital that this aspect of burden of proof be explained to the jurors, for without it one or more of them are apt to impose on the defendant a higher burden of proof than the law prescribes, to his prejudice. This rationale is implicit in the following words of Justice Hays in *State v. Denny,* 119 Ariz. 131, 579 P.2d 1101 (1978):

"The very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood, such as reasonable doubt and burden of proof." *Lakeside v. Oregon,* 435 U.S. 333, 340, 98 S.Ct. 1091, 1095, 55 L.Ed.2d 319 (1978). It is vital that the jury not misunderstand the concept of the defendant's burden of proof on self-defense; the jury must be instructed with great care to prevent the misunderstanding of this concept. 119 Ariz. at 134, 579 P.2d at 1104.

Although counsel in *Denny* requested and was refused an instruction on burden of proof re justification, the main focus of the court's rationale is not on counsel's diligence, but on the trial court's imperative duty to instruct the jury on a fundamental concept that they must not misunderstand. One cannot ignore the forceful statements characterizing that duty as "vital" and emphasizing that the jury must be instructed with great care to prevent the misunderstanding of the concept of burden of proof. The corollary to these admonitions is that if the jurors are left to speculate and thereby impose an unfair burden of proof on defendant, he is deprived of a fundamental right to a fair trial.

It is not correct to say that counsel may, by failing to request the instruction, trap the court into error, to be raised the first time on appeal, as suggested in *People v. Sandoval,* cited in the majority opinion. One does not, by such omission, "trap" a trial judge into neglecting his duty to fully instruct on the essential law of the case.

Except as noted above, I concur in the majority opinion.

For the reasons stated above, the conviction should be reversed and the case remanded.