NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE LEGAL
PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL THOMAS VALDESPINO, *Appellant.*

No. 1 CA-CR 12-0724
FILED 02/25/2014

---

Appeal from the Superior Court in Maricopa County
No. CR 2011-149258-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Appellee*

Paul Thomas Valdespino

*Appellant*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn

*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Chief Judge Diane M. Johnsen joined.

---

**N O R R I S,** Judge:

¶1        Paul Thomas Valdespino timely appeals from his conviction and sentence for misconduct involving weapons for "[p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." *See* Arizona Revised Statutes ("A.R.S.") § 13-3102(A)(4) (Supp. 2013).[1]  After searching the record on appeal and finding no arguable question of law that was not frivolous, Valdespino's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Valdespino to file a supplemental brief *in propria persona*, and, after multiple extensions for filing, he did so.  After considering Valdespino's arguments and reviewing the entire record, we find no reversible or fundamental error and, therefore, affirm Valdespino's conviction and sentence as corrected.

### FACTS AND PROCEDURAL BACKGROUND[2]

¶2        On September 20, 2011, two police officers were investigating what appeared to be suspicious activity at an art gallery where Valdespino worked.  One of the officers encountered Valdespino and asked him if he was armed, and Valdespino said he was.  The officer ordered Valdespino to put his hands on his head and then removed a .25 caliber semi-automatic handgun with six live rounds of ammunition from

---

[1]Although the Arizona Legislature amended this statute after the date of Valdespino's offense, the revisions are immaterial.  Thus, we cite to the current version of the statute.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Valdespino. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989) (citation omitted).

Valdespino's right cargo pocket. The officer asked Valdespino if he was a prohibited possessor, and Valdespino confirmed he was.

¶3        At trial, Valdespino testified he found the gun outside of the gallery and offered a necessity defense as to why he had possessed the gun. He said he only picked it up because of children in the neighborhood, his safety, and the safety of others. He further testified that he was on his way to put the gun in a drawer and ask the owner of the gallery what the owner wanted to do with it when the police arrived.

¶4        Valdespino stipulated he was a convicted felon and prohibited possessor as of September 20, 2011. The superior court instructed the jury as follows: "The lawyers are permitted to stipulate that certain facts exist. This means that both sides agree those facts do exist and are part of the evidence." The jury found Valdespino guilty of misconduct involving weapons. The superior court found he had been convicted of four prior felonies and sentenced him as a category three offender to an aggravated term of 12 years imprisonment. *See* A.R.S. §§ 13-701, -703(C), -703(J) (Supp. 2013).

## DISCUSSION

I.      Supplemental Brief

¶5        Valdespino essentially argues on appeal that he received ineffective assistance of counsel because his counsel failed to file a motion to suppress and obtained unnecessary continuances, thereby depriving him of his speedy trial right. This argument, however, is not properly before us on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) (ineffective assistance of counsel claims to be brought in Rule 32 proceedings and will not be addressed on direct appeal).

¶6        Valdespino also argues the superior court should have allowed him to represent himself when he moved to do so. We disagree. The record reflects Valdespino only asked to represent himself because he was dissatisfied with his then-current counsel and could not afford to hire new counsel. At a status conference, Valdespino asked the court to appoint new counsel, and the court did after confirming he was indigent.

Accordingly, the record actually reflects Valdespino withdrew his request to represent himself.[3]

¶7            Valdespino also argues the superior court abused its discretion by allowing the State to impeach him with his 2001 felony conviction for misconduct involving weapons.[4]  We disagree.  The superior court advised it would allow admission of the 2001 felony conviction under Rule 404(b) of the Arizona Rules of Evidence if Valdespino testified at trial and offered a necessity defense because the circumstances were "similar enough" to establish a "plan or modus of operation" and Valdespino's justification for the prior offense had "substantial similarities" to his current offense.  The superior court's characterization of the 2001 felony is amply supported by the record.  Furthermore, the court gave the jury limiting instructions as to Valdespino's prior conviction and his "other acts."  Thus, the superior court did not abuse its discretion in admitting Valdespino's 2001 felony conviction.

¶8            Valdespino next argues the State engaged in vindictive prosecution after he rejected the State's plea offer and exercised his right to trial by jury.  As support for this argument, he asserts the State improperly requested the court to issue warrants for his arrest.  The record contains no evidence of vindictive prosecution, and further, the court issued bench warrants for Valdespino's arrest because he was either late or failed to appear at multiple hearings.

¶9            Valdespino further argues the State improperly introduced into evidence his out-of-court statements at the time of arrest because the police did not have probable cause to be on the property.  We disagree.  As discussed, *supra* ¶ 2, the police were investigating what appeared to be suspicious activity and therefore had probable cause to be on the property.

---

[3]Valdespino also argues he did not knowingly waive his right to counsel.  Valdespino was, however, represented by counsel throughout the case.

[4]Valdespino similarly argues the State's introduction of his 2001 felony conviction amounted to prosecutorial misconduct.  This argument is frivolous.

¶10      Finally, Valdespino argues the State improperly sought an enhanced sentence and the superior court imposed a sentence disproportionate to his crime in violation of the Eighth Amendment. Valdespino's sentence, however, was within the range of acceptable sentences for his offense.  *See* A.R.S. § 13-703(J).

## II.      Additional Matters

¶11      First, in closing argument, the prosecutor stated, "I'll flat out tell you, the Defendant is a liar."  Although counsel is given wide latitude in closing arguments, *State v. Hill*, 174 Ariz. 313, 322, 848 P.2d 1375, 1384 (1993) (citations omitted), he must not convey personal belief about the credibility of a witness.  *State v. Lamar*, 205 Ariz. 431, 441, ¶ 54, 72 P.3d 831, 841 (2003).  Here, the prosecutor's use of a personal pronoun might be interpreted by the jury as expressing his personal belief about Valdespino's credibility.  The prosecutor's comment was an isolated event, and the court properly instructed the jury that counsel's arguments were not evidence.  Under these circumstances, the prosecutor's comment did not amount to reversible error.  *See id.*

¶12      Second, as discussed, *supra* ¶ 4, Valdespino stipulated that as of the date of the incident, he was a convicted felon and a prohibited possessor -- required elements of the offense with which he was charged.  *See* A.R.S. § 13-3101(A)(7)(b) (Supp. 2013); *see also* A.R.S. § 13-3102(A)(4).  The superior court did not instruct the jury, however, that it could reject the stipulation.  *See State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009) (citation omitted); *see also* Rev. Ariz. Jury Instr. Stand. Crim. 3.  Even so, Valdespino was not prejudiced by this because he acknowledged his prior felonies when he testified at trial.

¶13      Third, as defense counsel points out, the record contains two errors.  First, after the superior court conducted a trial on the State's allegation of historical priors, it found Valdespino had been convicted of four prior felonies.  The minute entry, however, erroneously reflects five case numbers.  We therefore correct the October 24, 2012 minute entry to delete the reference to CR2009-122982.  Second, the sentencing minute entry states Valdespino was sentenced as a non-repetitive offender, which conflicts with its earlier finding that Valdespino's four prior felony convictions made him a category three offender.[5]  The record resolves this

---

[5]A category three offender is an offender who has been convicted of two or more historical prior felonies.  A.R.S. § 13-703(C).

discrepancy, and we therefore correct the November 2, 2012 minute entry to reflect Valdespino was sentenced as a repetitive offender, rather than a non-repetitive offender.

¶14    Fourth, we also note that at the sentencing hearing, the superior court did not pronounce judgment of the court and the category of the offense as required by Arizona Rule of Criminal Procedure 26.10(a). As defense counsel points out, however, technical violations of this rule do not necessarily require resentencing. *State v. Maddasion*, 24 Ariz. App. 492, 496, 539 P.2d 966, 970 (1975). In this case, the sentence was supported by the record, and Valdespino was not prejudiced by the error. Thus, resentencing is not necessary. *See id.*

¶15    Finally, the superior court should not have ordered Valdespino to pay for DNA testing. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013). We therefore also modify the November 2, 2012 minute entry to omit the requirement that Valdespino pay for DNA testing.

III.    Anders Review

¶16    We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Valdespino received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶17    The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members, and the court properly instructed the jury on the elements of the charge, Valdespino's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, and Valdespino was given an opportunity to speak at sentencing.

**CONCLUSION**

¶18    We decline to order briefing and affirm Valdespino's conviction and sentence as corrected.

¶19    After the filing of this decision, defense counsel's obligations pertaining to Valdespino's representation in this appeal have ended. Defense counsel need do no more than inform Valdespino of the outcome of this appeal and his future options unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by

petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶20 Valdespino has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Valdespino 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: gsh