NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

STANLEY YAZZIE, *Appellant.*

No. 1 CA-CR 13-0830

FILED 9-9-14

Appeal from the Superior Court in Coconino County
No. S0300CR201300155
The Honorable Mark R. Moran, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Suzuki Law Office LLC, Phoenix
By Richard J. Suzuki, Brad D. Smith, Matthew Bartz, David E. Ahl
*Counsel for Appellant*

Stanley Yazzie, Douglas
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**N O R R I S,** Judge:

¶1         Stanley Yazzie timely appeals from his convictions and sentences for aggravated assault, Arizona Revised Statutes ("A.R.S.") section 13-1204 (Supp. 2013),[1] failure to remain at the scene of an automobile accident resulting in injury, A.R.S. § 28-661 (Supp. 2013), unlawful flight from a law enforcement vehicle, A.R.S. § 28-622.01 (2012), criminal damage, A.R.S. § 13-1602 (Supp. 2013), driving while under the influence of intoxicating liquor ("DUI"), A.R.S. § 28-1381 (Supp. 2013), and extreme DUI, A.R.S. § 28-1382 (2012).   After searching the record on appeal and finding no arguable question of law that was not frivolous, Yazzie's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Yazzie to file a supplemental brief *in propria persona*, and Yazzie did so.  We reject the arguments raised in Yazzie's supplemental brief and, after reviewing the entire record, find no fundamental error. Therefore, we affirm Yazzie's convictions. We also affirm his sentences as corrected to eliminate a discrepancy between the sentencing minute entry and the superior court's oral pronouncement of sentence.

**FACTS AND PROCEDURAL BACKGROUND[2]**

¶2         On February 19, 2013, Yazzie was returning to his home in Phoenix after spending some time working in Albuquerque and Gallup, New Mexico.  Driving west along I-40, Yazzie drank between four and

---

[1]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Yazzie's offenses, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Yazzie. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

twenty-four cans of beer, including 16-ounce and 24-ounce cans. Officer L. of the Department of Public Safety ("DPS") was on duty that day, near Flagstaff. Around 12:45 p.m. Officer L. backed into a closed rest area to complete paperwork. A gate blocked the westbound entrance to the rest area. Officer L. left his vehicle running with the headlights and taillights on.

¶3        Between 12:45 and 12:49 p.m., Yazzie drove off the interstate, through the gate and into the rest area where he rear-ended Officer L.'s clearly marked patrol vehicle. Officer L. suffered whiplash and later developed numbness in his arms and hands as a result of the collision. Officer L.'s patrol vehicle sustained over $1,900 in damage.

¶4        Officer L. saw Yazzie's heavily damaged sedan in the mirror, but before he could assess the situation, Yazzie drove off, re-entering I-40 westbound. Officer L. engaged his lights and sirens and gave chase. Yazzie swerved between lanes before exiting onto Cosnino Road. Yazzie struck a concrete barrier on the exit ramp but continued to flee, running a stop sign and driving north in a southbound lane until a crossing train forced him to pull over and slow down. As Yazzie slowed to a roll, Officer L. exited his vehicle and asked Yazzie to open the door. Initially Yazzie did not respond, he stared ahead blankly as his car rolled down the road. When Officer L. raised his handcuffs to break the window, Yazzie finally opened the door. Officer L. reached into the sedan to shift it to "park" and noticed an open can of beer in the center console. Two more alcoholic beverages were in the passenger seat, and Yazzie smelled of alcohol.

¶5        In response to Officer L.'s initial questioning, Yazzie admitted to drinking, hitting Officer L.'s vehicle, and being aware that Officer L. had pursued him.[3] In subsequent field sobriety tests, Yazzie showed signs of severe impairment. At the conclusion of the field sobriety tests, a DPS officer arrested Yazzie, read him his *Miranda* rights, and transported him to the Coconino County Jail in Flagstaff. Yazzie consented to a breath test and officers obtained a search warrant for a blood draw. Breath tests conducted

_____

[3]The superior court did not abuse its discretion in admitting Yazzie's answers to Officer L.'s investigatory questions over Yazzie's *Miranda* objection. Even assuming, however, that the superior court improperly admitted these statements, in light of the overwhelming evidence against Yazzie, we are confident "beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993).

at 2:09 and 2:16 p.m. showed Yazzie's blood alcohol concentration ("BAC") to be .271 and .262 within two hours of when Yazzie last drove. *See* A.R.S. §§ 28-1381(A)(2), 1382(A). Analysis of Yazzie's blood, drawn at 2:51 p.m., showed his BAC to be above .280.

¶6 At trial, Officer L., two other DPS officers, a physician who examined Officer L., and a DPS criminologist testified, and their testimony detailed the events described above. After the State and the defense rested, Yazzie agreed to forgo a *Blakely* hearing and stipulated to three aggravating factors in exchange for the State's withdrawal of two of five alleged aggravating factors: "Infliction or threatened infliction of serious physical injury," A.R.S. § 13-701(D)(1) (Supp. 2013), and "[a]ny other factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime." A.R.S. § 13-701(D)(25). Accordingly, the State did not raise either of these aggravators in its sentencing memorandum. At the sentencing hearing, however, the superior court found that Yazzie "threatened the infliction of serious physical injury during the commission of the offense" as one of four aggravators. The superior court also found four mitigating factors.

¶7 At the sentencing hearing, the State proved Yazzie had two historical prior felony convictions and was subject to enhanced sentences. *See* A.R.S. § 13-703(C), (J) (Supp. 2013). The superior court imposed a presumptive sentence of 11.25 years for aggravated assault, a class 3 dangerous and repetitive felony;[4] a presumptive sentence of five years, consecutive to the sentence for aggravated assault, for leaving the scene of an accident resulting in injury, a class 5 non-dangerous and repetitive felony; a presumptive sentence of five years to run concurrently for unlawful flight from a law enforcement vehicle, a class 5 non-dangerous and repetitive felony; a presumptive sentence of 3.75 years to run concurrently for criminal damage, a class 6 non-dangerous and repetitive felony; and time served for extreme DUI, a class 1 misdemeanor. *See* A.R.S.

---

[4]The jury determined Yazzie's aggravated assault charge was a dangerous offense. Accordingly, the superior court designated his aggravated assault conviction as dangerous, although Yazzie was sentenced as a repeat offender. *See State v. Trujillo*, 227 Ariz. 314, 322, ¶ 37, 257 P.3d 1194, 1202 (App. 2011) ("[T]he law allows a trial court to select between the dangerous and repetitive sentencing options, but does not require that if the court chooses to sentence a defendant as a repeat offender, it must void the jury's finding of dangerousness.").

§§ 13-105(22) (Supp. 2013), -703(C), (J).  In the sentencing minute entry, the court also sentenced Yazzie to time served for DUI, a class 1 misdemeanor.

## DISCUSSION

I.      Supplemental Brief

**¶8**          Yazzie argues that, in light of his stipulation with the State, the superior court abused its discretion in considering "infliction or threatened infliction of serious physical injury" for sentencing purposes. Because Yazzie did not object at the sentencing hearing, however, we review only for fundamental error.  *State v. Soliz*, 223 Ariz. 116, 119, ¶ 11, 219 P.3d 1045, 1048 (2009).  And, thus we will provide appellate relief only if the "error [is] of such magnitude that the defendant could not possibly have received a fair trial."  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).  There is no such error here.

**¶9**          While, pursuant to the parties' stipulation, the superior court should not have considered the threat of serious injury inherent in Yazzie's actions as an 'aggravator' within the framework of A.R.S. § 13-701, the superior court may properly consider "the circumstances of the offense" in exercising its sentencing discretion.  *State v. Myers*, 117 Ariz. 79, 90, 570 P.2d 1252, 1263 (1977); *see also State v. Johnson*, 210 Ariz. 438, 441, ¶ 12, 111 P.3d 1038, 1041 (App. 2005) ("[T]he Supreme Court has . . . repeatedly emphasized . . . that trial courts may freely consider other sentencing factors not found by a jury in choosing a specific punishment that does not exceed the statutory maximum . . . .").  Furthermore, the possibility Yazzie might have received a lesser sentence in the absence of a particular aggravator does not warrant resentencing. *See State v. Miranda-Cabrera*, 209 Ariz. 220, 227, ¶¶ 30-33, 99 P.3d 35, 42 (App. 2004) ("We need not remand for resentencing merely because [defendant's] mitigated sentence might have been for a shorter period had the trial court not set off [judge-found] aggravating factors against the mitigating factors in imposing the mitigated sentence.").[5]

**¶10**          Yazzie also argues that the superior court violated his stipulation with the State by considering his two prior convictions as an aggravating factor under A.R.S. § 13-701(D)(25).  To the contrary, the record

---

[5]The Constitutional protections of *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) are not implicated here because Yazzie received only presumptive sentences. *State v. Brown*, 209 Ariz. 200, 203, ¶ 12, 99 P.3d 15, 18 (2004).

is clear the superior court properly considered Yazzie's prior convictions for sentence enhancement under A.R.S. § 13-703(C).

II.     *Anders* Review

¶11     We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Yazzie received a fair trial.  He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶12     The evidence presented at trial was substantial and supports the verdicts.  The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Yazzie's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The superior court received and considered a presentence report, Yazzie was given an opportunity to speak at sentencing and did so, and his sentences were within the range of acceptable sentences for his offenses.

¶13     We note, however, the superior court's sentencing minute entry erroneously classified Yazzie's aggravated assault conviction as a class 2 felony, although at the sentencing hearing the court properly described Yazzie's aggravated assault conviction as a class 3 felony.  *See* A.R.S. § 13-703(C), (J).  We therefore amend the superior court's sentencing minute entry to reflect that the jury convicted Yazzie of aggravated assault, a class 3 felony.  *See* A.R.S. § 13-1204(D).

¶14     We also note that at the sentencing hearing, the superior court did not pronounce the sentence for Yazzie's DUI conviction as required by Arizona Rule of Criminal Procedure 26.10(b).  Technical violations of this rule, however, do not necessarily require resentencing.  *State v. Maddasion*, 24 Ariz. App. 492, 496, 539 P.2d 966, 970 (1975).  In this case, the sentence was supported by the record, and Yazzie was not prejudiced by the error.  Thus, resentencing is not necessary.  *See id.*

**CONCLUSION**

¶15     We decline to order briefing and affirm Yazzie's convictions and sentences as corrected.

¶16     After the filing of this decision, defense counsel's obligations pertaining to Yazzie's representation in this appeal have ended.  Defense

counsel need do no more than inform Yazzie of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶17          Yazzie has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Yazzie 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: JT

7