[Crim. No. 3925. Fourth Dist., Div. One. Sept. 28, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD THEODORE GRANT, Defendant and Appellant.

## COUNSEL

Alan C. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Donald Theodore Grant appeals his conviction, after jury trial, of lewd and lascivious conduct with David, the 10-year-old son of his wife by a previous marriage. We need not detail the defendant's acts as he does not challenge the sufficiency of the evidence to support the conviction.

Grant unmeritoriously contends the trial court erroneously failed to give his proposed instruction:

"DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1:

"When determining whether you believe David's testimony beyond a reasonable doubt, you may consider:

"1. David's love for defendant before February 7, 1969.

"2. David's expectation defendant would take him to his real father or otherwise take care of him.

"3. Mrs. Grant's statements to Mr. Bass that:

    A. David is an excellent liar
    B. David is extremely emotional
    C. David fabricates many stories and tells them in a convincing way. And,
    D. That two years after the stabbing incident, David admitted to Mrs. Grant that he intentionally stabbed the boy.

"4. David's statements about the stabbing incident.

"5. That David went to bed on February 7, 1969, not knowing defendant would call the police to take David to Hillcrest Receiving Home.

"6. David's reaction to the presence of police officers on the night of February 7, 1969.

"7. David's desire not to say anything or behave in any way that might hurt his mother.

"8. David's testimony and statements to others about:

    A. Staying after school on February 7, 1969.
    B. The night in the motel with his mother and Eddie Nolte.
    C. The room or rooms in which David was when the police officers arrived, and when defendant allegedly asked David to suck his penis.

"9. Any other evidence you may wish to consider regarding David's motive, bias and character for veracity."

Grant argues he is entitled to his proposed instruction because it directed attention to particular facts and related them to the issue of the victim's credibility within the meaning of *People* v. *Sears,* 2 Cal.3d 180, 190 [84 Cal.Rptr. 711, 465 P.2d 847]. Neither *Sears* nor any of the precedents it cites dealt with instructions relating specific evidence to a determination of a witness' credibility. ▆ While *Sears* holds "[a] defendant is entitled to an instruction relating particular facts to any legal issue" (*People* v. *Sears, supra,* 2 Cal.3d 180, 190), the credibility of a witness is not such a legal issue. It is an issue of fact, i.e., the weight to be given testimony in determining the legal issues. Controlling is *People* v. *Lyons,* 50 Cal.2d 245, 271 [324 P.2d 556], holding it is improper for a court to single out a particular witness and charge the jury how his evidence should be considered.

■ Before trial, Grant asked the juvenile court he be given access to David's juvenile court file relating to wardship proceedings brought after Grant's arrest. He contends the juvenile court erroneously denied him inspection. He shows no prejudice. Grant did not seek review of the juvenile court ruling by writ. He chose to renew his motion at trial and was there allowed to inspect the file. Grant did not ask for a continuance to more adequately prepare for trial based upon what his inspection disclosed.

The district attorney supplemented the indictment to charge Grant with a 1965 conviction for incest. Grant admitted the conviction but asked the court to disallow any mention of it during trial for impeachment purposes on the ground the conviction resulted from his guilty plea, thus evidencing a trait for telling the truth (admitting the crime) rather than discrediting his veracity. It might also evidence defendant's realization the prosecution "had the goods on him." When asked if he claimed any constitutional infirmity in the previous conviction, Grant's attorney said he did not. The court said it would allow the conviction to be established during trial for impeachment purposes only. The first mention of Grant's conviction for incest was by Grant on direct examination by defense counsel.

■ For the purpose of impeachment, a plea of guilty is equivalent to proof of conviction (*People* v. *Dail,* 22 Cal.2d 642, 652 [140 P.2d 828]). Evidence Code section 788 specifies the cases where proof of a prior felony conviction is not to be used to impeach (e.g., where the defendant received a pardon based on his innocence). A conviction based upon a plea of guilty is not excepted.[1] ■ The incest conviction was not rendered inadmissible because it was based upon a plea of guilty.

■ In his motion for a new trial and now on appeal, Grant contends the court erred in allowing the incest conviction in evidence for impeachment purposes because the record of the proceedings on his guilty plea did not affirmatively establish he was fully advised of his rights to a jury trial and to confront witnesses, as required by *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]. Grant concedes *Boykin* is not to be given retrospective effect under the holding in *In re Tahl,* 1 Cal.3d 122, 135 [81 Cal.Rptr. 577, 460 P.2d 449]. He contends, however, retrospective effect limited to denying evidentiary value to convictions based

---

[1]"When our Evidence Code was in process of enactment, the California Law Revision Commission proposed limiting impeachment to proof of a crime in which 'an essential element' is 'dishonesty or false statement.' (Citations.) But the commission's recommendation did not meet with legislative approval, and section 788 as enacted simply restates the rule expressed by former Code of Civil Procedure section 2051, under which any felony conviction is admissible to impeach the defendant's credibility if he takes the stand." (*People* v. *Kelly,* 261 Cal.App.2d 708, 712-713 [68 Cal.Rptr. 337].)

upon guilty pleas which would have been defective under *Boykin,* should be allowed as this would not hamper the administration of justice, a primary reason given in *Tahl* for denying retrospective application of *Boykin.*

In our view, if a conviction based upon a guilty plea under pre-*Boykin* standards is constitutionally valid for purposes of incarceration, it is constitutionally valid for purposes of impeachment. Moreover, the constitutional infirmity now asserted was disavowed by defense counsel at trial and further waived when defense counsel brought out the incest conviction on direct examination. Under these circumstances, the trial court did not err when it denied Grant's motion for a new trial.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.