[Crim. No. 21122. Second Dist., Div. Four. Mar. 28, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO PARAMO GOMEZ, Defendant and Appellant.

(Two Cases.)

**COUNSEL**

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### KINGSLEY, J.—

*Superior Court Case No. A-258118*

In 1970, defendant was found guilty of a violation of section 10851 of the Vehicle Code; he was sentenced to county jail for one year; execution of sentence was suspended and he was granted probation. On October 20, 1971, following his conviction in case No. A-274005, the sentence was ordered into execution.[1]

■ On this appeal, it is argued that the 1970 sentence was ordered into execution only because of defendant's conviction in case No. A-274005 and that, if that conviction is reversed, the order in the earlier case should not stand.[2] The record does not bear out that contention. The record shows that the trial court was motivated primarily by the fact that defendant, in violation of the terms of his probation, had made several illegal entries into this country. Our reversal of the judgment in case No. A-274005 does not carry with it a reversal of the orders in case No. A-258118.

*Superior Court Case No. A-274005*

In superior court case No. A-274005, defendant was charged with grand theft, in violation of subdivision 1 of section 487 of the Penal Code. He pled not guilty and, after a trial by jury, he was found guilty as charged. He was sentenced to state prison, execution of sentence was suspended and he was granted probation, conditional (inter alia) on his serving one year in the county jail, such term to run concurrently with the term in case No.

---

[1]What the record shows is, in form, a new judgment pronounced as of October 20, 1971. A new judgment, as of that date was of course improper, since defendant had been sentenced in 1970. What was procedurally proper was an order revoking the probation and ordering that the original sentence be executed. All parties have treated the trial court action as though it had been in proper form; we so treat it here.

[2]Since defendant did not appeal the original order granting probation, the present appeal raises only the validity of the proceedings on October 20, 1971.

A-258118. He has appealed; we affirm the judgment (order granting probation).

The victim, Ruiz, testified that, on May 27, 1971, he visited the immigration office in downtown Los Angeles in order to secure a renewal of his visa. Because he spoke only Spanish, he had trouble filling out the necessary forms and asked defendant to help him. Defendant told him that he (defendant) was an attorney at the department and that Ruiz would have to change all his Mexican money into American money before the papers could be filed. According to Ruiz, the two men went to a bank where Ruiz' 2,700 in Mexican pesos were exchanged for $213. After having a beer at a market, the men returned to the immigration office. There defendant took Ruiz' papers and all of his money. After waiting in line for a few minutes, defendant gave Ruiz some papers, told him to wait and went away. Thereafter an immigration official returned to Ruiz his passport and visa. Ruiz next saw defendant four days later when he pointed defendant out to the police and defendant was arrested.

Defendant denied the entire episode and claimed to have been working at the time of the alleged theft.

A bank clerk testified to changing 2,700 pesos into American money for two Mexican men, on May 27, but was unable to identify either Ruiz or defendant.[3] A bartender testified to selling beer to defendant and to Ruiz, but could not identify the date.[4]

Defendant testified that he had searched for, but could not locate, his alleged employer. He offered to prove, by an investigator for the public defender's office, that the investigator had tried to locate the alleged employer; had verified the fact that he had been, at the time involved, an apartment manager at the location given by defendant; but had discovered that the man had, later, embezzled rent receipts and had disappeared. The offer of proof was refused.

I

The trial court instructed the jury in the terms of section 1096 of the Penal Code (CALJIC No. 2.90) and also gave the standard alibi instruction (CALJIC No. 4.50), which reads as follows:

---

[3]The exchange had involved the execution of a document by one of the men; it was signed Sebastian Avalos. The record does not reflect any effort to identify that signature with the handwriting of either Ruiz or of defendant.

[4]Defendant testified that he was a frequent visitor of the bar in question and that he was well acquainted with the bartender. He denied ever being in that bar with Ruiz, although he admitted that he might have visited it on May 27.

"The defendant in this case has introduced evidence tending to show that he was not present at the time and place of the commission of the alleged offense for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, he is entitled to an acquittal." It refused, on the stated ground that it was covered by CALJIC No. 2.90, a requested instruction reading as follows:

"The burden is on the People to prove beyond a reasonable doubt, not only that the offense was committed as alleged in the Information, but also that the defendant is the one who committed it. You must be satisfied beyond a reasonable doubt of the accuracy of the identification before you may convict him. If the circumstances of the identification are not convincing beyond a reasonable doubt, you must find the defendant not guilty."

Ordinarily, the giving of an instruction on reasonable doubt in the terms of section 1096 of the Penal Code is sufficient; section 1096a of the Penal Code so provides. But we are warned that there are cases where "[d]espite this section, a defendant, upon proper request therefor, has a right to an instruction that directs attention to evidence from a consideration of which a reasonable doubt of his guilt could be engendered. [Citation.] This right is not limited to felony-murder cases . . . where the defendant is demanding an instruction that the underlying felony must be proved beyond a reasonable doubt. *A defendant is entitled to an instruction relating particular facts to any legal issue. [Citations.]*" (*People* v. *Sears* (1970) 2 Cal.3d 180, 190 [84 Cal.Rptr. 711, 465 P.2d 847].) (Italics supplied.)

Other cases have held that a specific instruction on identification testimony and on alibi is required, if requested, in spite of the broad language of section 1096a. (See: *People* v. *Roberts* (1967) 256 Cal.App.2d 488 [64 Cal.Rptr. 70], and cases cited therein.)

While the case at bench is a "close case," within the meaning of the authorities above cited, since Ruiz' identification stood without any substantial corroboration, nevertheless we conclude that the refusal of the requested instruction was not prejudicial. As we have shown above, the trial court did give the standard instruction on alibi, which contains language calling to the attention of the jury the necessity of finding beyond a reasonable doubt that defendant was present. We cannot say that a repetition of that injunction as an instruction directed to the identification testimony (which, in effect, went to the issue of alibi) would have added anything material to the jury's understanding of its duty.

## II

■ We conclude that the trial court erred, on the record before us, in refusing the offer of proof as to the efforts to locate the missing alibi witness. The unsupported testimony of a defendant as to an alibi is a weak defense. No matter what argument or explanatory instruction be given, a jury understandably will look with suspicion on such a claim.[5] If it can be bolstered by the kind of independent testimony here offered, that suspicion may be somewhat reduced. A defendant is entitled to the kind of explanation herein involved.

In case No. A-258118 the judgment is affirmed; in case No. A-274005 the judgment (order granting probation) is reversed.

Files, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 23, 1972.

---

[5]Although the court was not requested to, and did not, instruct on the permissible inference resulting from the failure to produce evidence (cf. Evid. Code, § 412; Witkin, Cal. Evidence (2d ed. 1966) pp. 1043-1048, §§ 1128-1130), that inference is one which the jury might well draw of its own accord.