[Crim. No. 8187. Fourth Dist., Div. One. Feb. 10, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
CLEO SMITH, Defendant and Appellant.

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, Paul Bell and William F. Sink for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl

J. Phaler and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

**BROWN (Gerald), P. J.**—Cleo Smith appeals a judgment entered on jury verdicts convicting him of assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and finding he used a firearm in the commission of the crime (Pen. Code, § 12022.5).

The major issue is whether a requested, but denied, jury instruction properly related particular facts to the legal issue of identity (see *People* v. *Sears,* 2 Cal.3d 180, 190 [84 Cal.Rptr. 711, 465 P.2d 847]) or improperly singled out the testimony of a witness and charged the jury how his testimony should be considered (*People* v. *Lyons,* 50 Cal.2d 245, 271 [324 P.2d 556]; *People* v. *Grant,* 11 Cal.App.3d 687, 690 [89 Cal.Rptr. 784], disapproved on other grounds in *People* v. *Beagle,* 6 Cal.3d 441, 451-452 [99 Cal.Rptr. 313, 492 P.2d 1]).

Smith shot James A. Chaves in front of a taco restaurant. Chaves, accompanied by a lady friend named Thomas, had backed his car into a Volkswagen occupied by Walker, the driver, and Fowler, a passenger. Chaves and Walker had a conversation about the accident and exchanged driver's license information.

As Chaves was walking back to his car to leave, he was interrupted by another person, Crowel, who with Smith had walked over to him. Chaves and Crowel heatedly exchanged words regarding the accident. Smith then pointed a pistol at Chaves and told him to tell his friend [Thomas] to get out of the car and to give him the keys. Instead, Chaves got into his car, told Thomas to lock her door,. locked his door, and reached for the ignition when Smith shot him in the neck.

Smith and Crowel ran away. Chaves drove himself to the hospital. Walker took Fowler home and then went to his own home.

At trial, Chaves, Walker, Fowler and Crowel identified Smith as the assailant. Eyewitness identification was the major issue at trial and the basis for Smith's conviction.

On the issue of identification, the trial court instructed the jury as follows: "One of the issues in this case is the identification of defendant as the perpetrator of the crime. The prosecution has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of the identification. However, you, the jurors, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty."

This instruction is nearly identical to a portion of the instruction requested by Smith. It also captures the spirit of CALJIC No. 2.91,[1] which was developed after the trial of this case for use where the only evidence of identification is the testimony of eyewitnesses (see also *People* v. *Gomez,* 24 Cal.App.3d 486, 490 [100 Cal.Rptr. 896]).

▮▮▮ However, Smith argues the trial court should have given the following additional instruction:

"In determining whether reasonable doubt exists as to the identification you may consider the following:

"(1) Any discrepancies or inconsistencies which you may find exist between the original description of the gunman and the actual description of Cleo Smith when arrested.

"(2) The opportunity the victim had to observe the gunman. Whether there was an adequate opportunity to observe the person will be effected [*sic*] by such matters as the victim's age and state of mind, the length of the observation and the lighting conditions available and the position of the parties.

"(3) Any occasion in which the victim failed to make an identification of the Defendant.

---

[1]"The burden is on the State to prove beyond a reasonable doubt that the defendant is the person who committed the offense with which he is charged. You must be satisfied beyond a reasonable doubt of the accuracy of the identification of defendant as the person who committed the offense before you may convict him. If, from the circumstances of the identification, you have a reasonable doubt whether defendant was the person who committed the offense, you must give the defendant the benefit of that doubt and find him not guilty."

"(4) Any inconsistent or consistent statements which you may find in Mr. Chaves' testimony regarding the identification.

"(5) Any other evidence tending to prove reasonable doubt."

Smith relies primarily upon *People* v. *Guzman,* 47 Cal.App.3d 380 [121 Cal.Rptr. 69], as support for his contention the trial court should have given, upon request, specific instructions on the *factors* which affect eyewitness identification.

The trial court refused to give the instruction, concluding it called for a comment upon the credibility of particular witnesses.

█ "A defendant is entitled to an instruction relating particular facts to any legal issue." (*People* v. *Sears, supra,* 2 Cal.3d 180, 190.) █ Accordingly, Smith was entitled to an instruction relating the identification of him by witnesses to the concept of reasonable doubt (*People* v. *Roberts,* 256 Cal.App.2d 488, 492-494 [64 Cal.Rptr. 70]). Here an instruction was given which directed the attention of the jury to the identification evidence "from a consideration of which a reasonable doubt of his guilt could be engendered." (*People* v. *Sears, supra,* 2 Cal.3d 180, 190.) It thus pinpointed his defense.

Whether trial courts should employ a more powerful lens in focusing the attention of juries is unclear. The court deciding *People* v. *Guzman, supra,* 47 Cal.App.3d 380, 386-387, footnote 1, concluded a trial court should not have refused a requested instruction stating, "In evaluating the identification testimony of a witness, you should determine if: 1. The witness had an adequate opportunity to make the observation; 2. If the witness is positive in his identification; 3. If the witness' identification testimony is not weakened by a prior failure to identify or by prior inconsistent identification, and 4. If after cross-examination the testimony remains positive and unqualified."

Unavoidably, the more precisely a trial court instructs a jury on the factors it should consider in deciding an issue, the more it will suggest the weight that should be given the testimony of particular witnesses. █ Yet it is improper for a court to single out a particular witness and charge the jury how his evidence should be considered (*People* v. *Lyons, supra,* 50 Cal.2d 245, 271; *People* v. *Grant, supra,* 11 Cal.App.3d 687, 690).

■ But we need not resolve the problem of the proper degree of specificity in this case. The major portion of the proffered instruction does *not* simply relate the witnesses' capacity, opportunity, positiveness, and consistency of identification to reasonable doubt. Rather, it concentrates upon the testimony of the victim, Chaves. There were three other eyewitnesses to the crime who also identified Smith at trial. Under such circumstances it was not error for the trial court to conclude that the discussion of such testimony should be relegated to defense counsel in oral argument.

■ Smith also contends the identification instruction was "sandwiched" between the standard motive instruction and the penalty instruction so as to make it unnoticeable. When many disparate instructions are given, some are unavoidably sandwiched. The trial court cautioned the jury the order in which the instructions were given had no significance as to their relative importance. Additionally, the court directed the jury, "the principle [*sic*] issue before you will be one of identity as opposed to whether the shot was fired . . . ." We conclude Smith was not prejudiced by the placement of the instruction.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 7, 1977.