[Crim. No. 10654. Third Dist. Aug. 25, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
LEO HENRY ADRIAN, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Marjorie C. Swartz, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel E. Carey and Raymond L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BLEASE, J.**—Defendant was convicted by a jury of assault with a deadly weapon. (Pen. Code, § 245, subd. (a).) He seeks reversal for refusal of the trial court to give a requested *Sanchez* instruction that the defendant is entitled to an acquittal if the evidence raises a reasonable doubt of self-defense. (*People* v. *Sanchez* (1947) 30 Cal.2d 560 [184 Cal.Rptr. 673].) ▮ We hold that such an instruction must be given upon request whenever the claim of self-defense has been properly tendered and the evidence warrants submitting the issue to the jury. We also hold that, in light of the other instructions, the failure to give the requested instruction was harmless.

## I

In the early morning of February 3, 1979, defendant became embroiled in a dispute with the driver of a van parked in front of the Electric Disco in Lodi, during which he inflicted a knife wound on the driver's right wrist. Defendant's theory of defense was self-defense and the jury was instructed on the substantive law of the defense. (CALJIC Nos. 5.30, 5.31, 5.50, 5.51, 5.52, 5.53, 5.54, 5.55, 9.07.)[1] The court gave the standard instruction on the prosecution's burden of persuasion (CALJIC No. 2.90), but denied defendant's request for an instruction derived from the homicide case of *People v. Sanchez, supra*, 30 Cal.2d at page 571.[2] The requested instruction states: "It is not necessary for defendant to establish self-defense by evidence sufficient to satisfy the jury that the self-defense was true, but if the evidence is sufficient to raise a reasonable doubt as to whether the defendant was justified, then he is entitled to an acquittal." (*Id.*, at pp. 570-571.)

Defendant claims a right to the requested instruction as pinpointing the crux of his case. He relies on this passage in *People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 885 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845]: "[T]he defendant is entitled upon request to an instruction 'relating particular facts to any legal issue.' (*People v. Sears* (1970) 2 Cal.3d 180, 190 [84 Cal.Rptr. 711, 465 P.2d 847].) Such a requested instruction may, in appropriate circumstances, relate the reasonable doubt standard for proof of guilt to particular elements of the crime charged (*id.*) or may '*pinpoint' the crux of a defendant's case*, such as mistaken identification or alibi (*People v. Roberts* (1967) 256 Cal.App.2d 488, 492-494 [64 Cal.Rptr. 70]; *People v. Gomez* (1972) 24 Cal.App.3d 486, 490 [100 Cal.Rptr. 896]).'" (Italics added.)

---

[1] All CALJIC instructions referred to are from the fourth edition (1979) unless otherwise noted.

[2] CALJIC contains substantive law instructions applicable to the nonhomicidal defense of self or others. (CALJIC Nos. 5.30, 5.31, 5.32.) There is no CALJIC instruction on the burden of proof applicable to the defense. CALJIC No. 5.15 directs that, in homicide cases, where there is evidence to support the issue of justification or excuse, "[t]he burden is on the prosecution to prove beyond a reasonable doubt that the homicide was not [justifiable] [excusable]." CALJIC No. 5.15 formerly said: "Upon a trial of a charge of murder, it is a defense that the homicide was [justifiable] [excusable]. To establish this defense the burden is on the defendant to raise a reasonable doubt as to his guilt of the charge of murder." (CALJIC No. 5.15 (3d ed. 1970) p. 143.) Following the rejection of this instruction in *People v. Loggins* (1972) 23 Cal. App.3d 597 [100 Cal.Rptr. 528] and the placing of the burden of proof of absence of mitigation on a constitutional footing (see *People v. Banks* (1976) 67 Cal.App.3d 379 [137 Cal.Rptr. 652]), CALJIC No. 5.15 was amended to its current form.

The People respond by saying that the *Sears* decision, upon which *Rincon-Pineda* is based, requires that the instruction relate "particular facts to any legal issue." They rely on language in *People* v. *Pierce* (1979) 24 Cal.3d 199, 211 [155 Cal.Rptr. 657, 595 P.2d 91]: "[Defendant] requested an instruction on reasonable doubt that focused on identification of the defendant as the person responsible for the crime. The trial court refused the instruction and instead gave CALJIC No. 2.90, derived from Penal Code section 1096 .... Notwithstanding section 1096a, a defendant upon proper request has a right to an instruction that directs attention to specific evidence from which the jury could infer a reasonable doubt. [Citations.] *The instruction requested here did not focus on specific evidence, however, but simply restated the presumption of innocence*; accordingly, the court did not err in refusing it. (Cf. *People* v. *Gomez* (1972) 24 Cal.App.3d 486, 490 ....)" (Italics added.)[3] Extracting the italicized language from its context in case law, the People say that the requested instruction does not focus on specific evidence but only restates the burden of proof in negative terms.

The People misconceive the nature of a pinpoint instruction. What is pinpointed is not specific evidence as such, but the *theory* of the defendant's case. It is the specific evidence on which the theory of defense "focuses" which is related to reasonable doubt. This relationship between theory and evidence can be seen in *People* v. *Granados* (1957) 49 Cal.2d 490 [319 P.2d 346], upon which both *Sears* and *Pierce* expressly rely. At issue was a requested instruction "[t]hat if the jurors had a reasonable doubt that the defendant committed a violation of section 288 of the Penal Code or attempted violation of said section on the date of October 1, 1956, then they could not return a verdict of guilty of first degree murder based upon the theory that there was an unlawful killing of a human being with malice aforethought in the perpetration or attempted perpetration of a violation of section 288 of the Penal Code." (Fn. omitted.) (*Granados*, at pp. 495-496.) The court said: "It was error

---

[3]The *Pierce* opinion does not set forth the language of the improper instruction. However, it cannot be read to reject an appropriate pinpoint instruction on identification. It cites to *People* v. *Gomez* (1972) 24 Cal.App.3d 486 [100 Cal.Rptr. 896] with a compare signal, a case approving a pinpoint instruction on identification. (See also *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864, 885 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845] (relying on *Gomez*) and *People* v. *Hall* (1979) 95 Cal.App.3d 299, 313 [157 Cal.Rptr. 107].)

to refuse this instruction. It accurately stated the law and *pinpointed the theory of the defense.* [¶] Section 1096a of the Penal Code declares that when the statutory definition of reasonable doubt is given (see Pen. Code, § 1096), no other instruction need be given defining reasonable doubt. Despite this section, a defendant, upon proper request therefor, has a right to an instruction that *directs attention to evidence* from a consideration of which a reasonable doubt of his guilt could be engendered. (*People* v. *Kane*, 27 Cal.2d 693, 699 [3] et seq. [166 P.2d 285]; *People* v. *Wilson*, 100 Cal.App. 428, 431 [2] [280 P. 169]; *People* v. *Plywood Mfrs. of Calif.*, 137 Cal.App.2d Supp. 859, 872 [291 P.2d 587].)" (Fns. omitted.) (Italics added.) (*People* v. *Granados, supra*, 49 Cal.2d at p. 496.)

The *Granados* instruction "direct[ed] attention to evidence" of the felony upon which the felony murder theory of the case was predicated by focusing attention on the specific felony and relating it to reasonable doubt. It "'pinpoint[ed]' the crux of ... defendant's case ...." (*People* v. *Rincon-Pineda, supra*, 14 Cal.3d at p. 885; see also *People* v. *Castellano* (1978) 79 Cal.App.3d 844 [145 Cal.Rptr. 264]; *People* v. *Sandoval* (1970) 9 Cal.App.3d 885 [88 Cal.Rptr. 625].) Yet it "focus[ed] on specific evidence" no more concretely than does the instruction requested in this case. The *Sanchez* case implicitly characterized its instruction as a pinpoint instruction by founding it upon *People* v. *Kane* (1946) 27 Cal.2d 693 [166 P.2d 285], a pinpoint instruction case, also relied upon in *Granados* and *Sears*. (See *People* v. *Sanchez, supra*, 30 Cal.2d at p. 571.) Other cases have said as much. "The *Sanchez* instruction is a specific point, actually a pinpointing or amplification of two general principles—the rule of reasonable doubt and the defense of justification." (*People* v. *Sandoval, supra*, 9 Cal. App.3d at p. 888.)

A pinpoint instruction does embody an allocation of the ultimate burden of proof since it tells the jury that the People bear the burden of persuasion on the issue which the instruction pinpoints. The *Sanchez* instruction accomplishes this task for the issue of self defense. It says that the defendant need not produce "evidence sufficient to notify the jury that the self-defense was true," but is instead entitled to an acquittal "if the evidence is sufficient to raise a reasonable doubt as to whether the defendant was justified [by self-defense]." It derives from cases interpreting Penal Code section 1105, which in murder cases imposes upon the defendant the "burden of proving circumstances of mitigation

...."[4] These authorities conclude the "burden" of section 1105 is the burden of producing evidence[5] of mitigation and not the burden of persuasion, which remains with the state.[6]

Although the *Sanchez* instruction grew out of a statutory provision governing murder cases, we can find no reason to distinguish nonhomicidal from homicidal assault cases. ■ Self-defense negates culpability for assaultive crimes, whether or not the assault results in death. (See *People* v. *Enriquez* (1977) 19 Cal.3d 221, 228 [137 Cal.Rptr. 171, 561 P.2d 261, 3 A.L.R.4th 73]; *People* v. *Martin* (1980) 101 Cal.App. 3d 1000, 1010-1011 [162 Cal.Rptr. 133]; *People* v. *Garcia* (1969) 275 Cal.App.2d 517 [79 Cal.Rptr. 833]; *People* v. *Jackson* (1965) 233 Cal. App.2d 639 [43 Cal.Rptr. 817]; 1 Witkin, Cal. Crimes, §§ 159-164.) In either event self-defense goes directly to guilt or innocence. (Compare *People* v. *Roe* (1922) 189 Cal. 548, 564-565 [209 P. 560], with *People* v. *Garcia, supra*, 275 Cal.App.2d 517.) On matters directly going to

[4]Penal Code section 1105 provides: "(a) Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or·that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable. [¶] (b) Nothing in this section shall apply to or affect any proceeding under Section 190.3 or 190.4."

[5]The jury should not be instructed on the burden of production, for that determination is for the court to make. Either the defendant has or has not produced sufficient evidence of mitigation to get to the jury on the issue. In neither event is a jury instruction required. "Only when the People's case embodies no evidence of mitigation or justification is section 1105 activated; at that point it warns the defendant that the task or responsibility of producing such evidence has now shifted to him." (*People* v. *Loggins, supra*, 23 Cal.App.3d at p. 603; see also *People* v. *Kelley* (1980) 113 Cal.App.3d 1005 [170 Cal.Rptr. 392].)

[6]"'While section 1105, Penal Code, casts upon a defendant the burden of proving circumstances that justify or excuse the commission of a homicide, it does not mean that he must prove such circumstances by a *preponderance of the evidence*. On the contrary, while the burden of showing the circumstances under which the act is justified devolves upon a defendant, "he is only bound under this rule to produce such evidence as will create in the minds of the jury a *reasonable doubt* of his guilt of the offense charged." [Citation.]'" (Second italics added.) (*People* v. *Roe* (1922) 189 Cal. 548, 550, 564 [209 P. 560].) "[S]ection 1105 does not shift a burden of persuasion to the defendant, but only beckons him to come forward with his evidence. This decisional limitation upon the role of section 1105 is confirmed by a declaration in section 501 of the Evidence Code: 'Insofar as any statute, except Section 522 [of the Evidence Code relating to the insanity defense] assigns the burden of proof in a criminal action, such statute is subject to Penal Code section 1096 [declaring the prosecution's burden of proving guilt beyond a reasonable doubt].' In its comment accompanying Evidence Code section 501, the California Law Revision Commission accurately pointed out that statutory allocations of proof in criminal cases do not affect the prosecution's burden of proving guilt beyond a reasonable doubt and 'do not (except on the issue of insanity) require the defendant to persuade the trier of fact of his innocence.'" (*People* v. *Loggins, supra*, 23 Cal.App.3d at pp. 601-602.)

guilt or innocence, the burden of persuasion is on the state. (Pen. Code, § 1096; *People v. Tewksbury* (1976) 15 Cal.3d 953, 963-965 [127 Cal.Rptr. 135, 544 P.2d 1335]; see also 2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) § 45.1); see also Evid. Code, § 501 and comment thereto.)

The People have confused the pinpoint instruction with commenting upon the evidence, a responsibility which our constitution and statutes confine to the judiciary. (Cal. Const., art. VI, § 10; Pen. Code, §§ 1093, 1127; see *People v. Castellano, supra*, 79 Cal.App.3d at p. 857; cf. *People v. Rincon-Pineda, supra*, 14 Cal.3d at p. 885.) The pinpoint instruction highlights the burden of persuasion applicable to a decisive element of the case. It does not cast doubt upon the credibility of the prosecution evidence but stresses the burden which the prosecution bears in the jury's evaluation of the evidence on the point. "'It is not for the trial judge to say that certain testimony should raise a reasonable doubt in the minds of the jurors as to an essential element of the People's case. If there is testimony which, if believed, would be a complete defense, show the nonexistence of a certain essential element of the crime, or compel a reduction in the degree, an instruction that if the testimony is believed a certain legal effect will follow would be proper and the subject of a request by the defense under *People v. Sears* and its progenitors. [¶] If there is no substantial evidence to support the charge, or to support the higher degree of a crime, or if there is a reasonable doubt as to the truth of the charge, the trial judge should so declare. That is a matter of law. [¶] However, it is not a matter of law for the judge to say that certain evidence might give rise to a reasonable doubt as to the affirmative of an issue required to be proven by the prosecution. That is a comment on the evidence and any such comment should be identified as such. . . .'" (*People v. Castellano, supra*, 79 Cal.App.3d at p. 858.)

## II

The *Sanchez* opinion found the failure to give the requested instruction harmless because "its principle was repeatedly brought to the attention of the jury for . . . they were told that as to murder of the first degree, again as to murder of the second degree, and again as to manslaughter, that to warrant a verdict of guilty they must believe 'beyond a reasonable doubt and to a moral certainty' that, among other things, the killing 'was *not justifiable* [*or was unjustifiable*] under the law as I have given it to you in the preceding instructions.'" (Italics added.) (*People v. Sanchez, supra*, 30 Cal.2d at pp. 571-572.) That in-

struction pinpointed the defendant's theory of justification (self defense) by incorporating it in the general burden of proof instruction.[7]

The general burden of proof instruction given here (CALJIC No. 2.90) did not make reference to justification; rather, it said the prosecution had the burden of proving the defendant's "guilt" beyond a reasonable doubt. However, we find the defendant's theory of self-defense adequately pinpointed by the combination of the substantive self-defense instructions with the circumstantial evidence instruction. The latter instruction (CALJIC No. 2.01), which expresses the prosecution's burden of persuasion in evidentiary terms, told the jury that "each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt ...." CALJIC No. 5.30 explained to them that "[i]t is *lawful* for a person who is being assaulted to defend himself from attack if, as a reasonable person, he has grounds for believing and does believe that bodily injury is about to be inflicted upon him." These instructions informed the jury that the defendant was not guilty of assault, and hence of assault with a deadly weapon, if engaged in self-defense and that it was the prosecution's burden to negative the claim ("fact") of self defense beyond a reasonable doubt.

The judgment is affirmed.[8]

Puglia, P. J., and Carr, J., concurred.

---

[7]As to homicide cases, the function performed by the *Sanchez* instruction is now fulfilled by CALJIC No. 5.15.

[8]There is no merit in defendant's remaining contention that the court erred in failing to instruct on the "lesser included offense" of misdemeanor battery. Defendant withdrew his requested instructions thereon and invited any error in so doing. (*People v. Aguilar* (1973) 32 Cal.App.3d 478, 485 [108 Cal.Rptr. 179].) He may not complain of such error on appeal. (*People v. Phillips* (1966) 64 Cal.2d 574, 580-581, fn. 4 [51 Cal.Rptr. 225, 414 P.2d 353].) To the extent defendant contends that the withdrawal of the instructions constituted ineffective assistance of counsel, he has failed to meet his burden of establishing that claim. (*People v. Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)