Filed 9/22/22  In re F.N. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| In re F.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B313753 (Super. Ct. No. 2021010355) (Ventura County) |
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>F.N.,<br><br>   Defendant and Appellant. | |

F.N. appeals from the jurisdictional and dispositional orders entered after the juvenile court found true an allegation that she committed assault with a deadly weapon. (Pen. Code,[1] § 245, subd. (a)(1).) She contends: (1) the evidence is insufficient to support the finding that she did not act in self-defense, and (2) the court misapplied the law on self-defense. We affirm.

---

[1] Statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

In April 2021, P.W. challenged F.N. to a fight. The two exchanged several Instagram messages, and agreed to fight in an alley later that evening.

F.N. arrived in the alley around midnight. P.W. arrived shortly thereafter, carrying a softball bat. She swung the bat at F.N., but missed. F.N. then grabbed the bat and hit P.W. in the left ear. P.W. grabbed her ear and held her hands in the air. She "almost blacked out."

While P.W.'s hands were in the air, F.N. swung the bat again, this time hitting P.W. on the right side of the head. When P.W. put her hands up again, F.N. hit her in the arm. F.N. then hit P.W. with the bat a fourth time before knocking her to the ground and punching her. Others present at the fight were eventually able to pull F.N. off of P.W., who hit F.N. with the bat as she was leaving.[2]

P.W. went to the hospital the next day. She received 15 stitches in her left ear. She had bruises, cuts, and scratches on her arm, back, chest, face, and head.

A police officer interviewed P.W. The officer noted that P.W.'s injuries were defensive wounds, consistent with being hit by a bat.

The police officer also interviewed F.N. Her injuries were consistent with punching someone.

P.W. testified under a grant of immunity at F.N.'s jurisdictional hearing. F.N. also testified. She said that when she arrived in the alley P.W. and another person were each holding a bat. P.W. swung her bat at F.N. but missed. F.N. then

---

[2] Videos of the incident were shown at the jurisdictional hearing.

took the bat and struck P.W. four times because P.W. kept charging at her. P.W. appeared to be under the influence and was unfazed by F.N.'s blows.

At the conclusion of the hearing, the juvenile court said that the incident between F.N. and P.W. started as a mutual combat situation, but then changed: "I think the force used, even if you give [F.N.] . . . [the first] strike . . . against [P.W.], clearly beyond a reasonable doubt strikes two, three, and four were excessive and were not under self-defense." The court also concluded that F.N. was no longer in danger when she struck P.W. the last three times. It rejected F.N.'s self-defense claim, found the felony assault allegation true, and declared her a ward of the court.

## DISCUSSION

*Substantial evidence supports the juvenile court's finding that F.N. did not act in self-defense*

F.N. contends the juvenile court's true finding on the assault allegation should be reversed because there is insufficient evidence that she did not act in self-defense. We disagree.

Assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) Self-defense negates culpability for assault. (*People v. Adrian* (1982) 135 Cal.App.3d 335, 340.) A minor can thus defend against an assault allegation by showing that they: (1) reasonably believed that they were in imminent danger of bodily injury, (2) reasonably believed that the use of force was necessary to defend against that danger, and (3) used no more force than was reasonably necessary. (*People v. Hernandez* (2011) 51 Cal.4th 733, 747.) If the minor makes this showing, prosecutors

3

must prove beyond a reasonable doubt that self-defense does not apply. (*People v. Lee* (2005) 131 Cal.App.4th 1413, 1429.)

"Issues arising out of self-defense, including . . . whether [a minor] actually acted out of defense . . . and whether the force used was excessive, are normally questions of fact for the trier of fact to resolve." (*People v. Clark* (1982) 130 Cal.App.3d 371, 378, disapproved on other grounds in *People v. Blakeley* (2000) 23 Cal.4th 82, 92.) Therefore, to evaluate F.N.'s contention, "'we review the entire record in the light most favorable to the [juvenile court's findings] to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find'" that F.N. did not act in self-defense. (*People v. Avila* (2009) 46 Cal.4th 680, 701.) We draw all reasonable inferences in favor of the findings made by the court below, and presume the existence of every fact the court could reasonably deduce from the evidence. (*People v. Maciel* (2013) 57 Cal.4th 482, 515.) But it is immaterial whether we would have drawn those same inferences (*People v. Solomon* (2010) 49 Cal.4th 792, 811-812); our job is not to reweigh the evidence or reevaluate witness credibility (*People v. Jones* (1990) 51 Cal.3d 294, 314).

Substantial evidence supports the finding that F.N. did not act in self-defense. After P.W. swung a bat at F.N., F.N. wrested it away and hit P.W. P.W. then held her hands in the air in a sign of surrender. F.N. nevertheless continued her assault, hitting P.W. in the head a second time. She then hit P.W. two more times, once while P.W.'s hands were again in the air. Because P.W. was unarmed when F.N. struck her final three blows, the juvenile court properly concluded that it was no longer reasonable for F.N. to believe that the use of force was necessary.

4

(*People v. Clark* (2011) 201 Cal.App.4th 235, 250 [use of force permitted only as long as danger appears to exist].)  It was also proper for the court to conclude that the force used to strike these last three blows was more than reasonably necessary.  (*People v. Clark*, *supra*, 130 Cal.App.3d at p. 380 [no right to defend against nonlethal attack with force likely to cause great bodily injury or death]; see also *People v. Enriquez* (1977) 19 Cal.3d 221, 228 [assault with fists generally does not justify use of a deadly weapon in self-defense], disapproved on another ground by *People v. Cromer* (2001) 24 Cal.4th 889, 901, fn. 3.)

    *People v. Ross* (2007) 155 Cal.App.4th 1033, on which F.N. relies, is inapposite.  The *Ross* court noted that "'in the heat of conflict . . . a person cannot be expected to measure accurately the exact amount of force necessary to repel an attack.'"  (*Id*. at p. 1057.)  Such a person thus "'will not be deemed to have exceeded [their right to self-defense] unless the force used was so excessive as to be clearly vindictive under the circumstances.'"  (*Ibid*.)

    But whether striking an unarmed victim three times with a bat after already striking them once in the head is "so excessive as to be clearly vindictive" is a question for the trier of fact.  (*People v. Clark*, *supra*, 130 Cal.App.3d at p. 378.)  The juvenile court here determined that it was.  Because that determination can be reasonably inferred from the evidence (*People v. Maciel*, *supra*, 57 Cal.4th at p. 515), we will not disturb it on appeal (*People v. Jones*, *supra*, 51 Cal.3d at p. 314).  Substantial evidence supports the juvenile court's finding that F.N. did not act in self-defense.

    *The juvenile court correctly applied the law on self-defense*

    Alternatively, F.N. contends the true finding on the assault allegation should be reversed because the juvenile court

misapplied the law on self-defense when it concluded that F.N.: (1) had a duty to retreat before using force, and (2) had no right to hit P.W. with a bat after P.W. swung the bat at her. These contentions misconstrue the court's conclusions.

Nowhere in the record did the juvenile court suggest that F.N. had a duty to retreat either when she saw P.W. in the alley or after P.W. swung the bat at her. And nowhere in the record did the court state that F.N. was not allowed to respond to P.W.'s initial use of force. To the contrary, the court said that based on the fight starting as a mutual combat situation it would "give" F.N. her first swing of the bat. It then rejected F.N.'s self-defense claim based on the second, third, and fourth times she struck P.W., blows that were landed after F.N. was no longer in danger. The juvenile court did not misapply the law on self-defense. (*People v. Lund* (2021) 64 Cal.App.5th 1119, 1153-1154 [rejecting contention that misconstrues record].)

## DISPOSITION

The juvenile court's jurisdictional and dispositional orders, including the finding that appellant committed assault with a deadly weapon, entered May 25, 2021, are affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.

We concur:


YEGAN, Acting P. J.                    PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____


Claudia Y. Bautista, Public Defender, and William M. Quest, Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.